**FLEISCHER, FLEISCHER & SUGLIA, P.C.**
**Nicola G. Suglia, Esquire**
**Allison L. Domowitch, Esquire**
**Four Greentree Centre**
**601 Route 73 Noth, Suite 305**
**Marlton, NJ 08053**
**(856) 489-8977**

**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CANON MEDICAL SYSTEMS USA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Amount Claimed: |
| | ) | $174,758.85, plus |
| AMERICAN CARDIOLOGY LLC D/B/A | ) | prejudgment interest and |
| AMERICAN CARDIOLOGY PLLC and | ) | attorneys' fees and costs |
| VISHWANATHA NADIG | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Canon Medical Systems USA, Inc., files this Complaint against Defendants, American Cardiology LLC d/b/a American Cardiology PLLC and Vishwanatha Nadig, jointly, severally, and collectively, and in support thereof states the following:

## PARTIES

1.  Plaintiff, Canon Medical Systems USA, Inc. ("Plaintiff"), is a corporation incorporated in the State of California with a principal place of business located at 1 Canon Park, Melville, NY 11747.

2. Defendant American Cardiology LLC d/b/a American Cardiology PLLC ("Lessee") is, upon information and belief, a limited liability company formed in the state of Wyoming with a principal place of business located at 5035 W Park Blvd., Texarkana, TX 75503-2594.

3. Defendant Vishwanatha Nadig ("Guarantor") is, upon information and belief, an adult individual with a residence at 539 W. Commerce Street, Apartment 678, Dallas TX 75208.

## JURISDICTION AND VENUE

4. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332 and pursuant to paragraph fifteen (15) of the forum selection clauses contained in the lease agreements at issue herein. See Exhibits "A" and "C" attached hereto. The parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 and pursuant to the forum selection clauses contained in the lease agreements at issue herein. See Exhibits "A" and "C" at paragraph 15.

## COUNT I
## Breach of First Lease

6. On or about May 17, 2023, Lessee entered into a Master Lease Agreement and Schedule thereto (the "First Lease") with Canon Medical Finance USA, a program of Plaintiff (hereinafter, collectively, "Plaintiff"), pursuant to which Lessee leased certain equipment (the "First Equipment"). See a true and correct copy of the First Lease attached hereto as Exhibit "A" and incorporated herein by reference.

7. The First Equipment was delivered to and accepted by Lessee, and Lessee executed a Delivery and Acceptance Certificate certifying that the First Equipment was received, accepted, installed, and in good operating order. See a true and correct copy of the Delivery and Acceptance attached hereto as part of Exhibit "A" and incorporated herein by reference.

8. Contemporaneous with the execution of the First Lease and as an additional inducement for the same, Vishwanatha Nadig ("Guarantor") executed a Blanket Personal Guaranty (the "First Guaranty") unconditionally guaranteeing payment to Plaintiff of any and all monies due and owing under the First Lease and under any and all schedules to the Master Lease. See a true and correct copy of the First Guaranty attached hereto as Exhibit "B" and incorporated herein by reference.

9. Lessee and Guarantor (jointly, severally, and collectively "Defendants") agreed to make all payments due under the First Lease and the terms thereof state that the payment obligation thereunder is absolute and unconditional for the full term of the First Lease. See Exhibit "A".

10. Notwithstanding, Defendants have failed to make all monthly payments due which constitutes a default under the First Lease and, therefore, the total amount due has been accelerated and the amounts owed under the terms and conditions of the First Lease are as follows:

| | |
|---|---|
| Remaining L/R Balance | $76,470.27 |
| Sales/Use Tax | $ 7,073.59 |
| Purchase Option Price | $ 1.00 |
| Late Charges | $ 665.28 |
| Attorneys' Fees (est. to date) | $ 3,500.00 |
| Service Fees | $ 80.00 |

|  |  |
|---|---|
| Court Costs | $ 405.00 |
| **TOTAL DUE TO PLAINTIFF** | **$88,195.14** |

See Exhibit "A".

11.  All credits, if any, to which Defendants are entitled are set out above.

12.  Despite frequent demands, Defendants have failed, neglected and continue to fail or neglect to pay Plaintiff the sum of $88,195.14 or any part thereof.

13.  Based upon the foregoing, Defendants are in breach of the First Lease and are liable to Plaintiff in an amount to be determined at trial of not less than $88,195.14.

## COUNT II
### Breach of the Second Lease

14.  Plaintiff repeats and incorporates herein by reference the allegations in the foregoing paragraphs with the same force and effect as if set forth herein.

15.  On or about May 17, 2023, Lessee entered into a second schedule to the Master Lease Agreement (the "Second Lease") with Plaintiff pursuant to which Lessee leased certain equipment (the "Second Equipment"). See a true and correct copy of the Second Lease attached hereto as Exhibit "C" and incorporated herein by reference.

16.  The Second Lease was delivered to and accepted by Lessee, and Lessee executed a Delivery and Acceptance Certificate certifying that the Second Equipment was received, accepted, installed, and in good operating order. See a true and correct copy of the Delivery and Acceptance attached hereto as part of Exhibit "C" and incorporated herein by reference.

17.  Contemporaneous with the execution of the Second Lease and as an additional inducement for the same, Guarantor executed a Blanket Personal Guaranty (the "Second Guaranty") unconditionally guaranteeing payment to Plaintiff of any and all monies due and owing under the Second Lease and any and all Lease schedules to the Master Lease. See a true and correct copy of the Second Guaranty attached hereto as a Exhibit "D" and incorporated

herein by reference.

18.     Defendants agreed to make all payments due under the Second Lease and the terms thereof state that the payment obligation thereunder is absolute and unconditional for the full term of the Second Lease.  See Exhibit "C".

19.     Notwithstanding, Defendants have failed to make all monthly payments due which constitutes a default under the Second Lease and, therefore, the total amount due has been accelerated and the amounts owed under the terms and conditions of the Second Lease are as follows:

| | |
|---|---|
| Remaining L/R Balance | $77,627.34 |
| Purchase Option Price | $       1.00 |
| Sales/Use Tax | $  8,251.89 |
| Late Charges | $     683.48 |
| **TOTAL DUE TO PLAINTIFF** | **$86,563.71** |

20.     All credits, if any, to which Defendants are entitled are set out above.

21.     Despite frequent demands, Defendants have failed, neglected, and continue to fail or neglect to pay Plaintiff the sum of $86,563.71 or any part thereof.

22.     Based upon the foregoing, Defendants are in breach of the Second Lease and are liable to Plaintiff in an amount to be determined at trial of not less than $86,563.71.

**COUNT III**
**Breach of Guaranties**

23.     Plaintiff repeats and incorporates herein by reference the allegations in the foregoing paragraphs with the same force and effect as if set forth herein.

24. Guarantor's failure to make the payments due to Plaintiff constitutes a breach of the First Lease and Second Lease and the First Guaranty and Second Guaranty (collectively, the "Leases" and the "Guaranties", respectively).

25. The total amount owed to Plaintiff under the Leases is $174,758.85, and the same will continue to accrue additional attorneys' fees.

26. As set forth above and in the terms of the Guaranties, the Guarantor is liable to Plaintiff for all amounts due under the Leases.

27. Based upon the foregoing, Guarantor is in breach of the Guaranties and is liable to Plaintiff in an amount to be determined at trial of not less than $174,758.85.

## COUNT IV
### Unjust Enrichment/Quantum Meruit
### (All Defendants)

28. Plaintiff repeats and incorporates herein by reference the allegations in the foregoing paragraphs with the same force and effect as if set forth herein.

29. To the extent that Defendants have benefited from the services of Plaintiff without having paid for them, Defendants have become unjustly enriched at Plaintiff's expense.

30. Based upon the foregoing, Defendants are liable to Plaintiff in an amount to be determined at trial of not less than $174,758.85.

**WHEREFORE**, Plaintiff, Canon Medical Systems USA, Inc., respectfully requests that this Honorable Court enter judgment in its favor:

a. On Count I against Defendants, American Cardiology LLC d/b/a American Cardiology PLLC and Vishwanatha Nadig, in the amount of $88,195.14 pursuant to the First Lease and First Guaranty.

6

      b.      On Count II against Defendants, American Cardiology LLC d/b/a American Cardiology PLLC and Vishwanatha Nadig, in the amount of $86,563.71 pursuant to the Second Lease and Second Guaranty;

      c.      On Count III against Defendant, Vishwanatha Nadig, in the amount of $174,758.85 pursuant to the Leases and Guaranties;

      d.      Plus prejudgment and post-judgment interest, additional attorneys' fees, late fees and the costs of suit; and

      e.      Grant such other and further relief as this Court deems just, proper, and appropriate under law and equity.

Dated: July 22, 2024  
Burlington County, NJ

Respectfully submitted,

*/s/ Allison L. Domowitch*  
Nicola G. Suglia, Esquire  
Allison L. Domowitch, Esquire  
FLEISCHER, FLEISCHER & SUGLIA, P.C.  
Four Greentree Centre  
601 Route 73 Noth, Suite 305  
Marlton, NJ 08053  
(856) 489-8977 (Phone)  
(856) 489-6439 (Fax)